[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
 FACTS
This is an employment discrimination action brought by the plaintiff, Debra Trimachi ("Trimachi") against her employer the defendant, Connecticut Workers Compensation Commission (hereinafter the "Commission"). According to her Third Revised Complaint filed November 29, 1999, Trimachi alleges the following: CT Page 7203
Trimachi was hired by the Commission in 1985 as a clerk typist and later promoted to the position of office assistant. In 1988, she was diagnosed as having a permanent partial disability as a result of which she was restricted from lifting over thirty pounds or filing. At that time, the Commission provided reasonable accommodation by having coworkers assume her filing duties while Trimachi performed other work.
On December 6, 1995, Trimachi asserts that the Commission informed her that she had no need of an accommodation and ordered her to return to full duty — including filing. Since then, the Commission has refused to provide Trimachi with reasonable accommodation regarding her disability.
Trimachi's complaint is in two counts. The first count alleges that the Commission's conduct violated the Connecticut Fair Employment Practice Act ("CFEPA"), General Statutes §§ 46a-60 (a)(1) and (4) essentially claiming that the Commission violated § 46a-60 (a)(1) in failing to reasonably accommodate her physical disability and § 46a-60 (a)(4) in retaliating against her for her opposition to the Commission's alleged discriminatory employment practice. The second count alleges violation of § 46a-70 for the Commission's failure to promote her. The second count is not involved in the present motion. Trimachi seeks compensatory damages, punitive damages, costs, attorney's fees, and an injunction requiring the Commission to desist from unlawful discrimination and promote her.
The Commission has moved to strike Trimachi's claim that it has a duty to provide her with reasonable accommodation for her physical disability as alleged in paragraphs 6, 7, 15-18, 23, 24, 35, 63-66 and 70 of the third revised complaint. The Commission has also moved to strike Trimachi's claim for punitive damages. For the reasons set forth below, the motion to strike the portions of the complaint alleging a duty to accommodate is denied and the motion to strike the claim for punitive damages is granted.
 DISCUSSION
1. LEGAL STANDARD
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39;Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal CT Page 7204 sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "Practice Book [§ 10-39] allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." PamelaB. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 308.
2. PUNITIVE DAMAGES
The Commission seeks to strike the plaintiff's claim for punitive damages, as contained in paragraph 85 of counts one and two. The Commission argues that there is no statutory provision, specifically under General Statutes § 46a-104,[1] for an award of punitive damages, aside from attorney's fees, for discriminatory employment practice.
The issue is whether punitive damages, in addition to attorney's fees and court costs, can be legally awarded under § 46a-104. Since "[i]n Connecticut punitive damages are to be measured by the reasonable attorney's fees and costs"; Ford v. Blue Cross Blue Shield ofConnecticut, Inc., 216 Conn. 40, 59 n. 4, 578 A.2d 1054 (1990); the issue is whether both punitive damages and attorney's fees, that is, double attorney's fees, can be legally awarded under § 46a-104.
"Punitive damages in Connecticut are not designed `to punish the defendant for his offense but rather to compensate the plaintiff for his injuries.' Miller v. Drouin, 183 Conn. 189, 190, 433 A.2d 863 (1981). . . ." (Citations omitted.) Lord v. Mansfield, 50 Conn. App. 21, 27,717 A.2d 267 (1998). In Berry v. Loiseau, 223 Conn. 786, 826-27,614 A.2d 414 (1992), the Supreme Court upheld the long-standing rule in Connecticut limiting common law punitive damages to litigation expenses less taxable costs, which was first expressed in Hanna v. Sweeney,78 Conn. 492, 62 A. 785 (1906).
The Supreme Court stated: "In Hanna, this court characterized the common law doctrine of punitive damages as a `hybrid' that contained elements of a criminal fine. More recently, we reiterated our concern that the determination of punitive damages under the common law rule CT Page 7205 allowing broad jury discretion is at odds with the generally accepted rule of compensation in civil cases. "In Waterbury Petroleum Products,Inc. v. Canaan Oil Fuel Co., supra, we . . . affirmed the continuing viability of a long line of cases holding that common law punitive damages serve primarily to compensate the plaintiff for his injuries and, thus, are properly limited to the plaintiff's litigation expenses less taxable costs. . . . We recognized, moreover, that our rule, when viewed in the light of the increasing costs of litigation, also serves to punish and deter wrongful conduct." (Citations omitted.) Berry v. Loiseau,
supra, 223 Conn. 826, 827.
While an award of punitive damages is primarily designed and awarded for compensatory purposes in Connecticut, an award of attorney's fees is often regarded as, and equated with, an award of punitive damages. SeeHartford v. International Assn. of Firefighters, Local 760,49 Conn. App. 805, 815-18, 717 A.2d 258 (1998) (the arbitrator's use of the words "attorney's fees" construed to be an award of punitive damages); Lord v. Mansfield, supra, 50 Conn. App. 24 (recovery by defendants of litigation expenses taken to be a request for punitive damages). "In Connecticut, an award of attorney's fees is an element of punitive damages." Hartford v. International Assn. of Firefighters, Local760, supra, 49 Conn. App. 816-17. "In the United States, the general rule of law known as the American Rule is that a prevailing litigant ordinarily is not entitled to collect a reasonable attorney's fee from the opposing party as part of [its] damages or costs . . . There are certain exceptions to this rule. . . . In the main, exceptions are based upon statutory or contract provisions authorizing the recovery of attorney's fees by a prevailing litigant." (Internal quotation marks omitted.) Hartford v. International Assn. of Firefighters, Local 760,
supra, 49 Conn. App. 818.
In Ford v. Blue Cross Blue Shield of Connecticut, Inc., supra,216 Conn. 64, the Supreme Court noted that although a statute may explicitly authorize an award of punitive damages in addition to attorney's fees, "an award of what may amount in effect to double attorney's fees is unusual." In Bridgeport Hospital v. Commission onHuman Rights Opportunities, supra, 232 Conn. 113, the Supreme Court cited 46a-104 as an example to show that if the legislature intends to award damages not allowed under the CFEPA it explicitly provides so in a statute. Furthermore, the Supreme Court observed that "[u]nless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." Id., 101.
The Appellate Court has held that it is impermissible to award punitive damages against a municipality on public policy grounds. In Hartford v.International Assn. of Firefighters, Local 760, supra, 49 Conn. App. 817, CT Page 7206 the court construed an arbitrator's award of attorney's fees to a workers' union against the city of Hartford as an award of punitive damages, and held that an award of punitive damages against a municipality, absent explicit statutory authorization, violated public policy. "`In the overwhelming majority of jurisdictions which have considered [whether a municipality is liable for punitive damages], it is now firmly established that exemplary or punitive damages are not recoverable unless expressly authorized by statute or through statutory construction. In denying punitive or exemplary damages, most courts have reasoned that while the public is benefitted [benefited] by the exaction of such damages against a malicious, willful or reckless wrongdoer, the benefit does not follow when the public itself is penalized for the acts of its agents over which it is able to exercise but little direct control.'
On the basis of the above case law, an award of punitive damages in addition to attorney's fees is impermissible under § 46a-104. First, since an award of attorney's fees alone needs express statutory or contractual authorization; see Hartford v. International Assn. ofFirefighters, Local 760, supra, 49 Conn. App. 818; what amounts to a second award of attorney's fees also needs such statutory authorization. In the present case, while expressly authorizing an award of attorney's fees and court costs, § 46a-104 does not authorize an award of punitive damages. There is therefore a presumption that the statute does not intend to authorize what amounts to a second award of attorney's fees.
Second, because an award of punitive damages is measured by, and limited to, the amount of attorney fees in Connecticut, the two are often equated. See Hartford v. International Assn. of Firefighters, Local 760,
supra, 49 Conn. App. 816-17; Lord v. Mansfield, supra, 50 Conn. App. 24. An award of attorney's fees and court costs under § 46a-104, which is discretionary, would be viewed as an award of punitive damages. SeeHartford v. International Assn. of Firefighters, Local 760, supra,49 Conn. App. 816-17 ("In Connecticut, an award of attorney's fees is an element of punitive damages.").
Third, if punitive damages are awarded in this case, their primary purpose is not to punish the defendant, but to compensate Trimachi for her injuries. See Berry v. Loiseau, supra, 223 Conn. 826-27. The Connecticut rule on punitive damages does not allow broad jury discretion to use an award of punitive damages primarily to punish an offending party. See id., 826. In view of the increasing costs of litigation, an award of attorney's fees, in addition to an award of compensatory damages, as authorized by § 46a-104, would not only fully compensate the plaintiff for her injuries, but also incidentally serve to punish and deter wrongful conduct. Absent statutory authorization, a court should CT Page 7207 not award what amounts to a second attorney fee solely to punish the wrongdoer. See Berry v. Loiseau, supra, 223 Conn. 826-27 (the primary purpose of awarding punitive damages is not to punish a wrongdoer but to compensate an injured party).
Fourth, an award of punitive damages in addition to an award of attorney's fees violates public policy limiting or barring award of punitive damages, absent explicit statutory provision, against a governmental agency. See Hartford v. International Assn. of Firefighters,Local 760, supra, 49 Conn. App. 817-18. The benefit of exacting punitive damages to vindicate the public interest against a malicious, willful or reckless private wrongdoer "does not follow when the public itself is penalized for the acts of its agents over which it is able to exercise but little direct control." (Internal quotation marks omitted.) Id.
In the present case, because § 46a-104 authorizes a court to award attorney's fees and court costs, which are punitive in effect, the plaintiff would be able to obtain remedies that she may not otherwise get if she chose to seek redress with the commission under General Statutes § 46a-86. This is already an express statutory exception to the public policy barring exaction of punitive damages against the government, and ultimately, the public. An additional award of punitive damages, absent express statutory authorization, would violate public policy.
Finally, it is illustrative that where the legislature authorizes an award of punitive damages in addition to attorney's fees, it expressly provides so in the statutes. For instance, the Connecticut Unfair Trade Practices Act (CUTPA) expressly authorizes a court to award punitive damages in addition to attorney fees and court costs. See General Statutes § 42-110g. Several other statutes also expressly indicate so when they authorize an award of punitive damages in addition to attorney's fees. See General Statues §§ 4d-39 (c), 16-8d (b), 31-51q,31-290a (b), 36a-428n (k)(5), 36a-618, 47-278 (a), 52-564a (a), and54-41r.
The motion to strike Trimachi's claim for punitive damages is granted.
2. DUTY TO REASONABLY ACCOMMODATE PHYSICALLY DISABLED EMPLOYEE
Trimachi asserts that the Commission violated CFEPA, specifically General Statutes § 46a-60 (a)(1), in denying her reasonable accommodation for her physical disability. The Commission seeks to strike this cause of action, as specifically contained in paragraphs 6, 7, 15-18, 23, 24, 35, 63-66, 69 and 70 in the first count, on the ground that under Connecticut law an employer has no duty to reasonably accommodate a CT Page 7208 physically disabled employee.
In opposition to the motion to strike, Trimachi claims that "[t]he present motion is directed not against a count, not even against a paragraph or even a sentence, but against certain words." In addition, Trimachi cites Commission on Human Rights Opportunities v. GeneralDynamics Corp., Superior Court, judicial district of New London at New London, Docket No. 524470 (May 1, 1995, Hurley, J.), to support her claim that an employer has a duty under Connecticut law to reasonably accommodate a physically disabled employee.
"Although there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense . . . [O]nly an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Moltz v. Harry'sTaxi, Superior Court, judicial district of New London at New London, Docket No. 547023 (August 5, 1999, Martin, J.). "Prior to the 1978 Practice Book revision, a motion to strike (or its demurrer predecessor) individual portions or paragraphs of a count did not lie if the count as a whole stated a cause of action. See, e.g., Schrader v. Rosenblatt,26 Conn. Sup. 182, 183 (1965). Arguably under the present rules, a motion to strike may properly lie with respect to an individual paragraph in a count. See, e.g., Nordling v. Harris, Superior Court, judicial district of Fairfield, Docket No. 329660 (August 7, 1996, Levin, J.) (17 Conn.L.Rptr. 296, 298 fn. 1.) However, the weight of authority in the Superior Court is that the motion does not lie, except possibly where the subject paragraph attempts to state a cause of action. See, e.g.,Zimmermann v. Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy,J.); Larson v. B B Realty, Superior Court, judicial district of Danbury, Docket No. 324087 (April 6, 1998, Moraghan,J.) (21 Conn.L.Rptr. 627); Bombard v. Industry Riggers,Inc., Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.)." Cantoni v. Xerox Corp., Superior Court, judicial district of Hartford at Hartford, Docket No. 582705 (February 3, 1999, Fineberg, J.); see also Smith v. Bridgeport FuturesInitiative, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326697 (August 16, 1996, Levin, J.) (17 Conn.L.Rptr. 412, 416 n. 2).
Trimachi's characterization of the Commission's motion to strike is not correct. The Commission is not seeking to strike the phrase "reasonable accommodation" from the complaint. Rather, the Commission is seeking to CT Page 7209 strike the independent cause of action based on an employer's failure to reasonably accommodate a physically disabled employee allegedly in violation of General Statutes 46a-60 (a)(1). This cause of action is independent of, and separate from, the other cause of action in the first count, that the Commission violated § 46a-60 (a)(4) by allegedly retaliating against Trimachi for her opposition to the allegedly discriminatory employment practice. The Commission argues that the CFEPA, specifically § 46a-60 (a)(1), unlike its federal counterparts, does not recognize a cause of action or a theory of employment discrimination based on failure of reasonable accommodation. Because the plaintiff has not bifurcated the first count into two separate causes of action, based on § 46a-60 (a)(1) and § 46a-60 (a)(4), respectively, it is appropriate for the defendant to make a motion to strike specific paragraphs of the complaint that contain an independent and separate cause of action in order to challenge its legal sufficiency.
The Commission is correct that, unlike the federal statutes, such as the American with Disabilities Act of 1990, as amended,42 U.S.C. § 12101 et seq. (ADA), and Rehabilitation Act of 1973,29 U.S.C. § 793 et seq. and 41 C.F.R. § 6 (d), the CFEPA, General Statutes 46a-51 et seq., does not, on its face, require an employer to provide accommodation, reasonable or otherwise, to a disabled employee. The Connecticut Supreme Court has expressly declined an opportunity to decide whether reasonable accommodation is implicitly required by CFEPA. See Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307,320 n. 12, 596 A.2d 426 (1991)[2]; see also McBrearity v. ConnecticutCommission on Human Rights Opportunities, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 67609 (September 19, 1995, Pickett, J.) ("It is an open question as to whether Connecticut law imposes a burden of reasonable accommodation on an employer."), citingAdriani v. Commission on Human Rights Opportunities, supra, 220 Conn. 320
n. 12. In addition, in a subsequent opinion, Levy v. Commission on HumanRights Opportunities, 236 Conn. 96, 103-104, 671 A.2d 349 (1996), the court implied that Connecticut had not yet recognized failure to make a reasonable accommodation as a theory of employment discrimination.[3]
In a recent decision, Ezikovich v. Commission on Human Rights Opportunities, 57 Conn. App. 767, 774, ___ A.2d ___ (2000), the Appellate Court observed that the plaintiff's claim that her employer failed to provide reasonable work accommodation was largely based on state statutes, specifically, General Statutes §§ 46a-58 (a), 46a-60 (a)(1) and (4), and the ADA, 42 U.S.C. § 12101 et seq. Nevertheless, the court noted that it "review[s] federal precedent concerning employment discrimination for guidance in enforcing [Connecticut's] antidiscrimination statutes." (Internal quotation marks omitted.) Id., quoting Levy v. Commission on Human Rights Opportunities, supra, CT Page 7210236 Conn. 103.
The parties in Ezikovich disputed the standard of reasonable accommodation, rather than the duty issue itself. Dissatisfied with the part-time schedule set by her employer, the plaintiff, who suffered from chronic fatigue syndrome, "argue[d] that she should be allowed to work `a no fixed start to work schedule' when she was able. The appellate court stated that `[a]n employer is not obligated to provide an employee the accommodation [s]he requests or prefers, the employer need only provide some reasonable accommodation.' (Internal quotation marks and citations omitted.) Ezikovich v. Commission on Human Rights Opportunities, supra,57 Conn. App. 775.
Admittedly the court's opinion in Ezikovich is, technically speaking, dictum with regard to the Commission's argument here because the Appellate Court cited federal case law construing federal statutes. There is no suggestion; however, that Connecticut law precludes the duty of an employer to reasonably accommodate an employee's physical disability. Aside from such technical concerns, Connecticut antidiscrimination statutes are intended to be at least coextensive with their federal counterparts. See Wroblewski v. Lexington Gardens, Inc., 188 Conn. 44,53, 448 A.2d 801 (1982). General Statutes § 46a-58 (a) has expressly converted a violation of federal antidiscrimination laws into a violation of Connecticut antidiscrimination laws. Section 46a-58 (a) provides that "[i]t shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability."
Furthermore, no statute should be construed in a manner that would thwart its purpose. See Water Pollution Control Authority v. Keeney,234 Conn. 488, 498, 662 A.2d 124 (1995). Thus, failure to impose upon state actions so prominent a federal requirement as the duty to reasonably accommodate would vitiate the remedial purposes of the Connecticut antidiscrimination statutes. For example, in SilhouetteOptical Limited v. Commission on Human Rights and Opportunities, Superior Court, judicial district of Hartford at Hartford, Docket No. 520590 (January 27, 1994, Maloney, J.) (10 Conn.L.Rptr. 599, 601, citingAdriani v. Commission on Human Rights Opportunities, supra, 220 Conn. 320
n. 12), the court upheld a commission hearing officer's finding that even under Connecticut law an employer had a duty to investigate a disabled employee's ability to perform her job with reasonable accommodations. Likewise, in Commission on Human Rights and Opportunities v. GeneralDynamics Corp., Superior Court, judicial district of New London at New CT Page 7211 London, Docket No. 524470 (May 1, 1995, Hurley, J.), cited by the plaintiff, the court relied on federal law in adjudicating claims based on General Statutes § 46a-60 (a)(1) and concluding that the "the analysis in physical disability cases should be modified to include the concept of reasonable accommodation."
Decisions by the Commission on Human Rights and Opportunities have consistently held that under state law an employer has a duty to reasonably accommodate a disabled employee. In Federick v. BridgeportHospital, CHRO No. 8720151 (October 16, 1992), the hearing officer unequivocally stated: "Implicit in Connecticut's prohibition against discrimination, based on physical or mental hardship, is a duty of reasonable accommodation. Without such implication, the protections of the statute should be largely meaningless. By the very nature of the classification, otherwise qualified disabled persons may require some sort of an accommodation in order to work." See also CHRO ex rel. Grantv. Yale-New Haven Hospital, CHRO No. 9530477 (October 13, 1999); CHRO exrel. Duarte v. United Technologies Corp., Hamilton Standard Division,
ruling on motion to dismiss, CHRO No. 9610553 (September 30, 1999) (CFEPA requires employer to reasonably accommodate disabled employees).
The vast majority of the states have enacted statutes requiring reasonable work accommodation.[4] Even when it is not explicitly stated in the applicable statutes in a few states, courts have inferred a duty of reasonable accommodation. See, e.g., Jenks v. Avco Corp., 490 A.2d 912,916 (Pa.Super. 1985) (finding Pennsylvania Human Relations Act requiring reasonable accommodation even though not explicitly stated therein);Plourde v. Scott Paper Co., 552 A.2d 1257, 1261-62 (Me. 1989) (finding state law requiring reasonable accommodation even though there is no statutory provision); Austin State Hospital v. Kitchen, 903 S.W.2d 83, 87
(Tex.App.-Austin 1995) (finding statutes requiring reasonably accommodation even though not explicitly stated therein). Connecticut should be no exception, especially when the Connecticut antidiscriminatory statutes are at least coextensive with their federal counterparts. See General Statutes § 46a-58.
The motion to strike Trimachi's cause of action based on a failure to provide reasonable accommodation for her disability is denied.
 CONCLUSION
For the reasons set forth above, the motion to strike the claim of punitive damages is granted and the motion to strike the cause of action alleging a failure to provide reasonable accommodation is denied.
So order at New Haven, Connecticut, this 14th day of June, 2000. CT Page 7212
Devlin, J.