**Andrew R. ELLIOT, Plaintiff–Appellant,**

v.

**PRATT & WHITNEY AIRCRAFT, a Division of United Technologies Corporation, Defendant–Appellee.**

**Docket No. 01–9462.**

United States Court of Appeals,
Second Circuit.

Aug. 19, 2002.

**440**

Barbara E. Gardner, Manchester, CT, for Appellant.

Albert Zakarian, Hartford, CT; Jennifer L. Sachs on the brief, for Appellee.

Present LEVAL, CALABRESI and POOLER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff Andrew R. Elliot appeals from an order dismissing his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen.Stat. § 46a–60, entered by the United States District Court for the District of Connecticut (Burns, *J.*) following a jury verdict in favor of defendant Pratt & Whitney Aircraft ("Pratt") on all of Elliot's claims. Elliot claims three errors: First, he argues that a jury interrogatory relating to his ADA claim misled the jury about his burden of proof. Second, Elliot claims that the district court erred in refusing to instruct the jury that Pratt bore the burden of proving that Elliot posed a threat to the safety of others in the workplace. Finally, he claims that the district court erred in refusing to instruct the jury that CFEPA imposed an obligation on Pratt to offer reasonable accommodations to disabled employees.

■ The jury interrogatory that Elliot now challenges stated: "Do you find that Mr. Elliot has proven by a preponderance of the evidence that he is a qualified individual with a disability, of which Pratt had notice, and that he was capable of performing the essential functions of his job with or without a reasonable accommodation?" Elliot argues that the interrogatory led the jury to believe erroneously that he had to prove that Pratt knew he was a qualified individual with a disability under the standards of the ADA, rather than merely that Pratt knew he had a disability. Because

Elliot's counsel did not object to this interrogatory at trial, we review for fundamental error, or error that is "so serious and flagrant that it goes to the very integrity of the trial." *Shade v. Hous. Auth. of New Haven,* 251 F.3d 307, 312–13 (2d Cir.2001) (quoting *Modave v. Long Island Jewish Med. Ctr.,* 501 F.2d 1065, 1072 (2d Cir. 1974)). Such was clearly not the case here. Even if the interrogatory can be deemed ambiguous, the jury was correctly instructed on Elliot's burden of proof. Taken as a whole, the jury instructions and the interrogatory adequately conveyed to the jury the elements that Elliot needed to prove to sustain his ADA claim. *See Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 106–07, 109 (2d Cir.2001).

Elliot further argues that the district court erred in refusing to instruct the jury that Pratt bore the burden of proving that Elliot constituted an objective threat to the safety of others in the workplace. Elliot is correct that Pratt would bear the burden of proof on this issue if it asserted as an affirmative defense that it terminated him because he posed a threat to the health or safety of others. *See* 42 U.S.C. §§ 12111(3) & 12113(b); *Chevron U.S.A., Inc. v. Echazabal,* —— U.S. ——, ——, 122 S.Ct. 2045, 2049, 153 L.Ed.2d 82 (2002); *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 219–20 (2d Cir.2001). However, Pratt's contention was that it terminated Elliot because of his misconduct. Although there was mention of Elliot's potential for violent behavior, Pratt did not rely on the contention that this potential justified the dismissal. There was no error in the trial court's refusal to instruct the jury. *Cf. Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities,* 115 F.3d 116, 121–24 (2d Cir.1997).

Finally, Elliot claims that the district court erred in refusing to instruct the jury that CFEPA imposed an obligation on Pratt to offer reasonable accommodations to disabled employees. Although the plain language of CFEPA imposes no such duty, Conn. Gen.Stat. § 46a–60 (1), some Connecticut courts have held that this duty exists. *See Ezikovich v. Comm'n on Human Rights & Opportunities,* 57 Conn. App. 767, 750 A.2d 494, 498 (2000); *Trimachi v. Conn. Workers Comp. Comm.,* No. CV 970403037S, 2000 WL 872451, at *8 (Conn.Super.Ct. June 14, 2000) (unpublished opinion). *But see Levy v. Comm'n on Human Rights & Opportunities,* 236 Conn. 96, 671 A.2d 349, 355 (1996) (noting that Connecticut has not yet recognized failure to make reasonable accommodations as a theory of employment discrimination). We need not resolve the question, because any error did not prejudice Elliot. The jury determined that Elliot had not proved he was entitled to a reasonable accommodation under the ADA. Given this finding, it is highly unlikely that the jury would have found him entitled to a reasonable accommodation under CFEPA. Although the definitions of mental disability under the ADA and CFEPA differ, *compare* 42 U.S.C. § 12102(2) *with* Conn. Gen. Stat. § 46a–51 (20), that difference is not material because Pratt did not challenge Elliot's assertion that he suffered from bipolar disorder. Thus, any error was harmless. *See Bruneau v. S. Kortright Cent. Sch. Dist.,* 163 F.3d 749, 759–60 (2d Cir.1998) ("Harmless error arises when we are sufficiently confident that the verdict was not influenced by an error in the jury charge.").

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**