## THELMA PERKINS *v.* COLONIAL CEMETERIES, INC., ET AL.
### (AC 19181)

Foti, Hennessy and Sullivan, Js.

Considered March 10—officially released June 8, 1999

*Christopher C. Burdett*, in favor of the motion.

*Joel M. Fain*, in opposition to the motion.

### *Opinion*

FOTI, J. The defendants have appealed to this court following the trial court's orders denying their motion to set aside the plaintiff's verdict and their motion for remittitur. The plaintiff now moves to dismiss the defendants' appeal for lack of a final judgment because the trial court has not yet decided the plaintiff's claim for punitive damages under the Connecticut Unfair Trade

Practices Act (CUTPA), General Statutes § 42-110a et seq. We agree that the appeal is premature and, therefore, grant the plaintiff's motion to dismiss.

The plaintiff, Thelma Perkins, brought this action against the defendants, Colonial Cemeteries, Inc., doing business as Fairfield Memorial Park, and its president Phyllis O. Dowd, alleging that they had illegally and improperly moved her daughter's grave. The plaintiff's complaint alleged, inter alia, breach of contract, negligence, fraudulent misrepresentation and violations of CUTPA.[1] The jury found for the plaintiff on each count of her complaint and awarded her $2525 in economic damages, $500,000 in noneconomic damages and $167,508.17 in common-law punitive damages. The trial court accepted the verdict on December 3, 1998. Punitive damages under CUTPA, however, were not decided by the trial court prior to the entry of judgment.

On December 11, 1998, the defendants filed a motion to set aside the verdict and a motion for remittitur, both of which the trial court denied on December 17, 1998. The disposition record indicates that judgment was entered on the verdict on that date. See *Gordon* v. *Feldman*, 164 Conn. 554, 557, 325 A.2d 247 (1973). The defendants appealed following the trial court's denial of their motions, and the plaintiff moved to dismiss the defendants' appeal, arguing that there was no final judgment because the trial court had not yet decided whether to award the plaintiff punitive damages under CUTPA. The defendants filed an objection to the plaintiff's motion to dismiss.

This court has previously determined that no final judgment exists until common-law punitive damages have been decided. *Lord* v. *Mansfield*, 50 Conn. App. 21, 28, 717 A.2d 267, cert. denied, 247 Conn. 943, 723

---

[1] The plaintiff's prayer for relief included a request for compensatory damages, punitive damages, attorney's fees and costs.

A.2d 321 (1998). The issue in the present case, however, is whether there is a final judgment after the jury has found liability under CUTPA, but before the trial court has decided punitive damages on the CUTPA claim.

In *Paranteau* v. *DeVita*, 208 Conn. 515, 544 A.2d 634 (1988), our Supreme Court considered whether there was a final judgment in an action involving a CUTPA claim when the trial court had rendered a judgment on the merits of the case, but had not yet determined the issue of attorney's fees.[2] In *Paranteau*, the plaintiffs brought a suit against their landlord alleging, inter alia, a CUTPA violation. On May 27, 1987, the trial court rendered judgment on the merits in favor of the plaintiffs on all counts of their complaint. Subsequently, on June 18, 1987, the trial court awarded the plaintiffs attorney's fees under their CUTPA count.[3] Thereafter, on June 26, 1987, the defendant appealed from both the May 27, 1987 judgment on the merits and the June 18, 1987 award of attorney's fees. The plaintiffs filed a motion to dismiss the appeal as untimely, which this court granted. The defendant then appealed to the Supreme Court, which held "that a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., 523. Accordingly, the Supreme Court dismissed as untimely that portion of the defendant's appeal that challenged the trial court's May 27, 1987 judgment on the merits. Id.

Unlike in *Paranteau*, no judgment *on the merits* has been rendered in the present case. Under CUTPA, once

[2] The *Paranteau* court, however, expanded "the scope of [its] inquiry beyond claims brought under CUTPA to include any claim where a judgment on the merits is rendered prior to an award of attorney's fees." *Paranteau* v. *DeVita*, supra, 208 Conn. 516.

[3] General Statutes § 42-110g (d) provides in relevant part: "In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ."

there is a finding of liability by the jury, the trial court may then, "in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." General Statutes § 42-110g (a). While the CUTPA statutes do not provide a method for determining punitive damages, courts generally award punitive damages in amounts equal to actual damages or multiples of the actual damages. *Staehle* v. *Michael's Garage, Inc.*, 35 Conn. App. 455, 462–63, 646 A.2d 888 (1994).

In the present case, although the jury has found the defendants to be liable under CUTPA, the trial court has yet to determine the plaintiff's punitive damages under General Statutes § 42-110g (a). Therefore, while the defendants are aggrieved by the judgment of the trial court; General Statutes § 52-263; their appeal does not satisfy the final judgment test established in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). That test permits an interlocutory appeal "in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31. Because the trial court has yet to exercise its discretion to award the plaintiff punitive damages under the CUTPA count of her complaint, the rights of the parties have not been "so conclud[ed] . . . that further proceedings cannot affect them." Id; see also *Pinnix* v. *LaMorte*, 182 Conn. 342, 343, 438 A.2d 102 (1980). In fact, because the courts generally award punitive damages in amounts equal to actual damages or multiples of the actual damages, the rights of the parties may be substantially affected by the further proceedings that remain in this case. We, therefore, conclude that the second prong of the *Curcio* test is not satisfied.

The appeal is dismissed for lack of a final judgment.

In this opinion the other judges concurred.