RICHARD HYLTON *v.* GARFIELD GUNTER ET AL.
(AC 33316)

Beach, Alvord and Bishop, Js.

Argued January 23—officially released May 14, 2013

*Houston Putnam Lowry,* with whom were *Kenneth J. Krayeske* and, on the brief, *Julie A. Morgan,* for the appellant (named defendant).

*Gerald M. Beaudoin,* with whom was *Francisco A. Cardona,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. "[P]unitive damages serve a different end and have a different purpose than attorney's fees." *Lord* v. *Mansfield,* 50 Conn. App. 21, 27, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998). Thus, a judgment awarding an undetermined amount of punitive damages and one awarding an undetermined amount of attorney's fees are treated differently for purposes of establishing whether the judgment is final. Pursuant to *Lord* v. *Mansfield,* supra, 27–28, this court does not have subject matter jurisdiction to decide an appeal prior to a determination by the trial court of the recoverability and amount of punitive damages; a judgment is final only after such a determination is made. The dispositive issue in this appeal is whether the undetermined amount of damages owed by the defendant Garfield Gunter[1] at the time he appealed from the judgment rendered by the court in favor of the plaintiff, Richard Hylton, was an award of punitive damages or attorney's fees.[2] We conclude that the court had yet to determine the amount of an award of punitive damages, and, accordingly, we dismiss the appeal.

The following brief procedural history is relevant to our resolution of this appeal. On March 14, 2011, the

---

[1] The other defendant named in the complaint, Progressive Electric & Telecommunications, LLC, was defaulted for failure to appear and for failure to appear at trial. Accordingly, we refer in this opinion to Garfield Gunter as the defendant.

[2] We note that "common law punitive damages serve primarily to compensate the plaintiff for his injuries and, thus, are properly limited to the plaintiff's litigation expenses less taxable costs." (Internal quotation marks omitted.) *Lord* v. *Mansfield,* supra, 50 Conn. App. 27, citing *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 477 A.2d 988 (1984). "[A]ttorney's fees may be the primary component of litigation expenses"; *Lord* v. *Mansfield,* supra, 26–27; and, therefore, attorney's fees may be the primary component of punitive damages. Not all awards of attorney's fees, however, are awards of punitive damages.

trial court issued a memorandum of decision in which it found in favor of the plaintiff on the eight counts[3] of his complaint and awarded him $342,648 in compensatory damages. The court also found that the plaintiff was entitled to "punitive damages in the form of attorney's fees" on the counts alleging fraud, civil theft, breach of fiduciary duty, and breach of the implied duty of good faith and fair dealing,[4] and it instructed the plaintiff to file an affidavit of attorney's fees within thirty days. On April 6, 2011, the defendant filed this appeal. On May 20, 2011, after a hearing, the trial court awarded the plaintiff $23,400 in punitive damages, which represented the amount claimed in attorney's fees. The defendant did not amend his appeal subsequent to the trial court determining the amount of the punitive damages. On September 12, 2012, this appeal was placed on the court's own motion calendar for dismissal for lack of a final judgment on the ground that, at the time the appeal was filed, the trial court had not yet resolved the plaintiff's claim for punitive damages. After the motion hearing, the court marked the matter over and ordered the parties to brief whether the defendant's appeal from the March 14, 2011 judgment was an appeal from a final judgment. Both parties subsequently briefed the issue and argued the issue as part of this appeal.

"We begin by setting forth the standard of review. The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter

[3] The court found the defendant liable of fraud, negligence, breach of contract, unjust enrichment, civil theft, conversion, breach of fiduciary duty, and breach of the implied duty of good faith and fair dealing.

[4] We note that the plaintiff, in his complaint, requested punitive damages as relief in only two of the relevant counts, those alleging civil theft and fraud. The court awarded punitive damages on four counts. That determination has not been challenged in this appeal.

jurisdiction is a question of law [over which we exercise plenary review]. . . .

"To consider the plaintiffs' claims, we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted General Statutes § 52-263, which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Citations omitted; internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 466–67, 940 A.2d 742 (2008).

In *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1988), our Supreme Court held that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Subsequently, this court decided *Lord* v. *Mansfield*, supra, 50 Conn. App. 21, and distinguished the reimbursement of attorney's fees from the awarding of punitive damages. Punitive damages, this court noted, serve the purpose of vindicating the public interest and deterring others from committing similar wrongs. Id., 27. This court held that an appeal taken prior to a determination by the trial court as to the recoverability and amount of punitive damages was not an appeal from a final judgment. Id., 26–28. Our Supreme Court denied the plaintiff's petition for certification for review of this court's decision in *Lord*, declining the opportunity to answer the following question: "Did the Appellate Court err in dismissing the plaintiff's appeal from the judgment against her on the counterclaim on the ground it was not taken from a final judgment, where the only thing left for the trial court to determine at the time the appeal was taken,

was the amount of attorney's fees to be awarded as punitive damages?" Since *Lord* drew the distinction between punitive damages and attorney's fees, this court has relied on that distinction in determining whether an appeal properly was taken from a final judgment.[5]

Both *Paranteau* and *Lord* are controlling,[6] making the determination of whether, in the present case, the $23,400 that the court awarded to the plaintiff several weeks after the defendant filed this appeal was an award of punitive damages or attorney's fees dispositive of the reviewability of this claim. In the plaintiff's complaint, he sought relief in the form of "Punitive Damages in the form of Attorney's fees and costs." The court, in its memorandum of decision, stated that "the plaintiff is entitled to punitive damages in the form of attorney's fees based on [the defendant] being found liable [of fraud, civil theft, breach of fiduciary duty and breach of implied duty of good faith and fair dealing] . . . . Attorney's fees will be awarded within 30 days of this judgment. The plaintiff is to be present at a hearing to be held [and is to submit] an affidavit of attorney's fees together with any memorandum he may wish to file."

---

[5] Compare *Perkins* v. *Colonial Cemeteries, Inc.*, 53 Conn. App. 646, 734 A.2d 1010 (1999), with *Paranteau* v. *DeVita*, supra, 208 Conn. 515. In *Paranteau*, our Supreme Court held that a final judgment had been rendered despite no determination by the trial court as to the recoverability or amount of *attorney's fees* awarded for a violation of the Connecticut Unfair Trade Practices Act (CUTPA). *Paranteau* v. *DeVita*, supra, 515, 523; see also General Statutes § 42-110g (d). In *Perkins*, however, this court held that no final judgment had been rendered when the trial court had yet to make a determination as to the recoverability or amount of *punitive damages* awarded for a violation of CUTPA. *Perkins* v. *Colonial Cemeteries, Inc.*, supra, 649; see also General Statutes § 42-110g (a).

[6] "[T]he Appellate Court cannot overrule a Supreme Court decision . . . ." *Conway* v. *Wilton*, 238 Conn. 653, 657, 680 A.2d 242 (1996). Likewise, "[t]he doctrine of stare decisis counsels that a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it." (Internal quotation marks omitted.) *Wilson* v. *Stamford*, 81 Conn. App. 339, 345 n.3, 840 A.2d 553, cert. denied, 268 Conn. 918, 847 A.2d 312 (2004). We therefore are compelled to follow both *Lord* and *Paranteau*.

"Absent statutory or contractual authorization, attorney's fees are not recoverable. . . . An exception to this general rule, however, is that a court may award attorney's fees as a component of punitive damages." (Citation omitted.) *Plikus* v. *Plikus*, 26 Conn. App. 174, 179, 599 A.2d 392 (1991). The four counts on which the court awarded "punitive damages in the form of attorney's fees" did not have a statutory basis for an award of attorney's fees. Thus, the award fell within the exception of awarding attorney's fees as a component of an award of punitive damages as provided by Connecticut law. See footnote 2 of this opinion. The court's language, which appears to limit the amount of punitive damages to a reimbursement of attorney's fees, is indicative only of the restrictions it placed on the composition of the punitive damages. Because the court had no statutory basis on which to award only attorney's fees and because it explicitly called the award punitive damages, its manifest intention was to award the plaintiff punitive damages. Accordingly, the finality of the judgment is controlled by *Lord.* We therefore dismiss this appeal, as we do not have subject matter jurisdiction to hear an appeal taken from a judgment that is not final.

The appeal is dismissed.