******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF LEDYARD *v.* WMS GAMING, INC.
(AC 39746)

DiPentima, C. J., and Beach, Alvord, Sheldon and Prescott, Js.*

*Considered December 14, 2016—officially released March 21, 2017*

(Appeal from Superior Court, judicial district of New London, Vacchelli, J.)

*Lloyd L. Langhammer*, in support of the motion.

*Aaron S. Bayer* and *David R. Roth*, in opposition to the motion.

*Opinion*

DiPENTIMA, C. J. The motion before the court challenges our jurisdiction over the appeal of the defendant, WMS Gaming, Inc., from the decision of the trial court rendering summary judgment as to liability only in favor of the plaintiff, the town of Ledyard, with respect to certain attorney's fees incurred by the plaintiff. The plaintiff moves to dismiss the defendant's appeal for lack of subject matter jurisdiction, claiming that the trial court's decision is not an appealable final judgment because the trial court has not determined the amount of the attorney's fees. We conclude that the trial court's decision rendering summary judgment as to liability only in favor of the plaintiff with regard to the attorney's fees at issue is not an appealable final judgment. Accordingly, we grant the plaintiff's motion to dismiss the defendant's appeal.

The record before the court reveals the following facts and procedural history. In 2008, the plaintiff commenced the underlying action to collect unpaid personal property taxes that it had imposed on slot machines that the defendant owned and leased to the Mashantucket Pequot Tribal Nation (Tribal Nation) for use in its gaming facilities. As relief, the plaintiff sought $18,251.23 in unpaid personal property taxes, plus costs, interest, and penalties. In addition, the plaintiff sought attorney's fees pursuant to General Statutes § 12-161a.

Shortly after the plaintiff had commenced the underlying state action, the Tribal Nation filed an action in the United States District Court for the District of Connecticut challenging the authority of the state of Connecticut and the plaintiff[1] to impose the taxes at issue in the present state action.[2] Although it was not a party to the federal action commenced by the Tribal Nation, the defendant filed a motion to stay the present state action pending the outcome of the federal action, which the trial court, *Martin, J.*, granted.

On March 27, 2012, the District Court ruled on cross motions for summary judgment filed in the consolidated federal action. The District Court, determining that the authority of the state and the plaintiff to impose the taxes was preempted by federal law, granted the Tribal Nation's motion for summary judgment and denied separate motions for summary judgment filed by the plaintiff and the state, respectively. See *Mashantucket Pequot Tribe* v. *Ledyard*, United States District Court, Docket No. 3:06CV1212 (WWE), 2012 WL 1069342, *12 (D. Conn. March 27, 2012), rev'd, 722 F.3d 457 (2d Cir. 2013). On July 15, 2013, the United States Court of Appeals for the Second Circuit reversed the District Court's judgment, concluding that the authority of the state and the plaintiff to impose the taxes was not preempted by federal law. See *Mashantucket Pequot Tribe* v. *Ledyard*, 722 F.3d 457, 477 (2d Cir. 2013).

After the proceedings had resumed in the present state action, the parties executed a stipulation. Under the stipulation, the parties agreed that the defendant had tendered payment to the plaintiff for all outstanding taxes, accrued interest, and accrued penalties at issue. They further agreed that the plaintiff was entitled to reasonable attorney's fees and costs incurred in the underlying state action, the amount of which would be determined by the trial court and the payment of which would be accepted by the plaintiff as satisfaction of all of the taxes, interest, penalties, attorney's fees, and costs recoverable by the plaintiff with respect to the underlying state action. They disputed, however, whether the trial court could also find the defendant liable for attorney's fees incurred by the plaintiff in defense of the federal action commenced by the Tribal Nation to which the defendant was not a party (federal action attorney's fees). The parties agreed to submit to the trial court the issue of whether the defendant was liable for the federal action attorney's fees.

After executing the stipulation, the parties filed cross motions for summary judgment as to liability only with respect to the federal action attorney's fees. On October 6, 2016, the trial court, *Vacchelli, J.*, issued its memorandum of decision granting the plaintiff's motion for summary judgment, denying the defendant's motion for summary judgment, and rendering summary judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees. The trial court concluded that the defendant was liable for the federal action attorney's fees pursuant to § 12-161a.[3] The trial court further stated that the plaintiff could file a motion for attorney's fees within thirty days and that a hearing would be scheduled thereafter to determine the amount of the attorney's fees to which the plaintiff is entitled. Shortly thereafter, on October 11, 2016, the plaintiff filed a motion for attorney's fees.

On October 25, 2016, prior to the trial court scheduling a hearing on the plaintiff's motion for attorney's fees, the defendant appealed the trial court's decision with respect to the federal action attorney's fees. The plaintiff's motion to dismiss the defendant's appeal followed.

The plaintiff moves to dismiss the defendant's appeal for lack of subject matter jurisdiction, asserting that the trial court's decision rendering summary judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees is not an appealable final judgment because the trial court has not determined the amount of the attorney's fees to which the plaintiff is entitled. In response, the defendant contends that the trial court's decision is immediately appealable under the rationale of *Hylton* v. *Gunter*, 313 Conn. 472, 97 A.3d 970 (2014). We agree with the plaintiff.

"As a preliminary matter, we set forth the standard of review. The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary. . . . The right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . It is . . . axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review . . . appellate jurisdiction is limited to final judgments of the trial court." (Citation omitted; internal quotation marks omitted.) Id., 478.

We begin our analysis with a review of *Paranteau* v. *DeVita*, 208 Conn. 515, 544 A.2d 634 (1988). In *Paranteau*, the plaintiff tenants sued the defendant landlord, alleging, inter alia, a violation of the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a et seq. Id., 517. The trial court rendered judgment on the merits in favor of the plaintiffs on all counts and implicitly awarded them attorney's fees pursuant to General Statutes § 42-110g (d), but delayed determining the amount of the attorney's fees. Id. Following a hearing held over twenty days after the judgment had been rendered, the trial court determined the sum of the attorney's fees to be $2580. Id. The defendant in *Paranteau* filed an appeal eight days after the hearing, challenging both the judgment on the merits as well as the supplemental postjudgment attorney's fees order. Id., 518. The plaintiffs timely filed a motion to dismiss the appeal on the ground that it was untimely. Id. This court granted the motion to dismiss and dismissed the appeal in toto. Id.

After granting the defendant's certification to appeal in *Paranteau*, our Supreme Court reversed this court's judgment in part. Id. Our Supreme Court first determined that this court properly had dismissed, as untimely, the portion of the appeal challenging the judgment on the merits, concluding that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., 523. It then determined that this court had improperly dismissed, as untimely, the portion of the appeal challenging the trial court's supplemental postjudgment attorney's fees order, concluding that "such an order may raise a collateral and independent claim that is separately appealable as a final judgment." Id. In a footnote, it further explained: "A supplemental postjudgment award of attorney's fees becomes final and appealable . . . not when there is a finding of liability for such fees, but when the amount of fees are conclusively determined. A finding as to liability only, prior to a determination on the issue of damages, is not a final judgment from which an appeal lies. . . . Furthermore, a timely

appeal from a supplemental postjudgment award of attorney's fees may challenge not only the amount awarded, but the underlying recoverability of such fees as well." (Citation omitted.) Id., 524 n.11.[4]

This court has relied on *Paranteau* to dismiss appeals, in whole or in part, challenging awards of attorney's fees where the appeals were filed prior to the conclusive determinations of the amount of the attorney's fees. See *Bailey* v. *Lanou*, 138 Conn. App. 661, 675–77, 54 A.3d 198 (2012) (dismissing, sua sponte, portion of appeal challenging award of statutory attorney's fees where trial court had not determined amount of attorney's fees prior to filing of appeal); *McKeon* v. *Lennon*, 131 Conn. App. 585, 610–11, 27 A.3d 436 (dismissing portion of appeal challenging award of attorney's fees where trial court had not determined amount of attorney's fees prior to filing of appeal), cert. denied, 303 Conn. 901, 31 A.3d 1178 (2011);[5] *Sullivan* v. *Brown*, 116 Conn. App. 660, 661 n.1, 662–63, 975 A.2d 1289 (dismissing, sua sponte, appeal challenging award of statutory attorney's fees and costs where trial court had not determined amount of attorney's fees and costs prior to filing of appeal), cert. denied, 294 Conn. 914, 983 A.2d 852 (2009); see also *Burns* v. *General Motors Corp.*, 80 Conn. App. 146, 150–51 n.6, 833 A.2d 934 (noting, in dictum, that award of statutory attorney's fees was not appealable final judgment where trial court had not determined amount of attorney's fees prior to filing of appeal), cert. denied, 267 Conn. 909, 840 A.2d 1170 (2003).

The defendant relies on *Hylton* v. *Gunter*, supra, 313 Conn. 472, to support its assertion that the trial court's decision rendering summary judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees is immediately appealable. In *Hylton*, the parties were equal members of a limited liability company. Id., 475. The plaintiff sued the defendant, raising claims, inter alia, of fraud and negligence on the basis of allegations that the defendant had been misappropriating the limited liability company's funds for his personal use. Id. The trial court rendered judgment on the merits in favor of the plaintiff on all counts and awarded him compensatory damages. Id. The trial court also awarded the plaintiff common-law punitive damages in the form of attorney's fees and instructed the plaintiff to file an affidavit of attorney's fees within thirty days. Id. The defendant appealed prior to the trial court's determination of the amount of the attorney's fees, and he did not amend his appeal once the trial court had rendered a judgment establishing the amount of the attorney's fees. Id., 475–76.

This court placed the appeal in *Hylton* on its own motion calendar for a determination of whether the appeal should be dismissed for lack of a final judgment. Id., 476. After the motion hearing, this court marked

the matter over. Id. The parties subsequently briefed the final judgment issue and argued the issue as part of the appeal. Id. This court subsequently dismissed the appeal for lack of an appealable final judgment, relying upon its prior decision in *Lord* v. *Mansfield*, 50 Conn. App. 21, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998), overruled by *Hylton* v. *Gunter*, supra, 313 Conn. 488–89. See *Hylton* v. *Gunter*, 142 Conn. App. 548, 554, 66 A.3d 517 (2013), rev'd, 313 Conn. 472, 97 A.3d 970 (2014). In *Lord*, this court held that a judgment is not final for purposes of appeal where the trial court awards common-law punitive damages without determining the amount of the common-law punitive damages. *Lord* v. *Mansfield*, supra, 24, 28. In reaching that conclusion, this court determined that common-law punitive damages, unlike attorney's fees, serve the purpose of compensating the injured party fully and are not wholly separate from a judgment rendered on the merits. Id., 26–28.

After granting the defendant's petition for certification to appeal, our Supreme Court reversed this court's judgment. *Hylton* v. *Gunter*, supra, 313 Conn. 477–78. After analyzing *Paranteau* and subsequent cases,[6] it determined that the judgment rendered on the merits was an appealable final judgment, even though the trial court had not determined the amount of the attorney's fees awarded as common-law punitive damages prior to the filing of the appeal. Id., 479–84. It concluded that the bright line rule articulated in *Paranteau*, namely, that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined"; (internal quotation marks omitted) id., 480; applied equally in the context of common-law punitive damages. Id., 484. In reaching its conclusion, our Supreme Court declined to distinguish attorney's fees awarded pursuant to the applicable statutes from attorney's fees awarded as common-law punitive damages, determining that common-law punitive damages are akin to statutory attorney's fees "in practicality and purpose, insofar as both provide the same relief and serve the same function . . . namely, fully compensating injured parties." (Citation omitted; footnote omitted; internal quotation marks omitted.) Id., 484–86. Our Supreme Court also emphasized that its approach "suggests that what is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as 'merits' or 'nonmerits,' but rather preservation of operational consistency and predictability in the overall application of [the final judgment rule]." Id., 487. *Hylton* expressly overruled this court's judgment in *Lord*. Id., 488–89.[7]

The defendant asserts that, under the rationale of *Hylton*, the trial court's decision rendering summary judgment as to liability only in the plaintiff's favor with respect to the federal action attorney's fees is immedi-

ately appealable. According to the defendant, *Hylton* provides that a liability determination with respect to attorney's fees awarded as damages may be appealed before the amount of the attorney's fees is determined. The defendant claims that the federal action attorney's fees are similar in nature to the attorney's fees awarded as common-law punitive damages in *Hylton* and, therefore, the trial court's liability determination with respect to the federal action attorney's fees is appealable immediately. We are not persuaded.

In *Hylton*, our Supreme Court held that a judgment rendered on the merits, which included an award of common-law punitive damages limited to attorney's fees, was an appealable final judgment notwithstanding the lack of a determination of the amount of the attorney's fees at the time that the appeal was filed. In the present case, the trial court has not rendered a judgment disposing of the merits of the present action.

The defendant is appealing only from the trial court's decision rendering summary judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees, which were awarded pursuant to § 12-161a. *Hylton* does not stand for the proposition that the trial court's liability determination with respect to the federal action attorney's fees is immediately appealable absent a calculation of the attorney's fees.[8]

Pursuant to the rationale of *Paranteau*, a timely appeal taken from a decision conclusively determining the amount of an attorney's fees award may challenge both the amount and recoverability of the attorney's fees awarded. Applying the rationale of *Paranteau* to the circumstances of the present action, we conclude that the trial court's decision rendering summary judgment as to liability only in the plaintiff's favor with respect to the federal action attorney's fees is not an appealable final judgment absent a determination of the amount of the attorney's fees.[9] See also *Burns* v. *General Motor Corp.*, supra, 80 Conn. App. 151 n.6 ("The situation . . . is similar to where a judgment has been rendered only upon the issue of liability without an award of damages. Such a judgment, being interlocutory in character, is not a final judgment from which an appeal lies. . . . Thus, the award of reasonable attorney's fees without a determination of the amount of the attorney's fees is not appealable for lack of a final judgment." [Citation omitted; internal quotation marks omitted].).

The plaintiff's motion to dismiss the defendant's appeal is granted and the appeal is dismissed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date on which this matter was considered.

[1] The plaintiff's tax assessor and the plaintiff's tax collector were also parties to the federal action.

[2] In 2006, the Tribal Nation filed a substantively similar federal action challenging, as unauthorized, taxes that the plaintiff was imposing on slot

machines that a different vendor owned and leased to the Tribal Nation. The two federal actions commenced by the Tribal Nation were consolidated.

[3] General Statutes § 12-161a provides: "In the institution of proceedings by any municipality to enforce collection of any delinquent tax on personal property from the owner of such property, through (1) levy and sale with respect to any goods or chattels owned by such person, (2) enforcement of a lien, established and perfected in accordance with sections 12-195a to 12-195g, inclusive, upon any such goods or chattels or (3) any other proceeding in law in the name of the municipality for purposes of enforcing such collection, such person shall be required to pay any court costs, reasonable appraiser's fees or reasonable attorney's fees incurred by such municipality as a result of and directly related to such levy and sale, enforcement of lien or other collection proceedings."

[4] With respect to the effect of its decision, our Supreme Court stated: "We are aware that the rules we have today adopted may, in some cases, lead to 'piecemeal' appeals of judgments on the merits and awards of attorney's fees. The problem of fragmented appeals, however, may be averted if trial judges delay rendering judgment on the merits until the fee issue is resolved and dispose of both the merits and attorney's fees in a single judgment. . . . If for some reason the question of attorney's fees must be decided after the entry of judgment on the merits, we suggest that the trial court insist upon the prompt filing and disposition of fee requests so that any pending appeal on the merits of the action may be amended to include any prospective appeal from a supplemental postjudgment award of attorney's fees." (Citation omitted; emphasis omitted.) *Paranteau* v. *DeVita*, supra, 208 Conn. 524.

[5] In *McKeon*, the plaintiff filed an amended appeal after the trial court had held a hearing and had determined the amount of the attorney's fees at issue in that case. *McKeon* v. *Lennon*, supra, 131 Conn. App. 610. Although this court dismissed the plaintiff's original appeal for lack of an appealable final judgment, it concluded that it had subject matter jurisdiction over the plaintiff's amended appeal. Id., 611–12.

[6] See *Benvenuto* v. *Mahajan*, 245 Conn. 495, 504, 715 A.2d 743 (1998) (concluding that judgment of strict foreclosure was appealable final judgment despite lack of determination of attorney's fees); *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992) (concluding that no appealable final judgment had been rendered where trial court had reserved ruling on postjudgment motion for prejudgment interest).

[7] On remand from our Supreme Court, this court reversed the trial court's judgment on the merits and ordered the trial court, on remand, to render judgment in favor of the defendant on one count of the plaintiff's complaint and to conduct a new trial on the remaining counts. See *Hylton* v. *Gunter*, 157 Conn. App. 358, 366, 116 A.3d 371 (2015).

[8] The defendant also asserts that we should entertain this appeal for the sake of efficiency, claiming that, if held, the proceedings to determine the amount of the attorney's fees owed to the plaintiff will be extensive and that such proceedings will be avoided if we reverse the trial court's decision. In addition, the defendant suggests that, by entertaining this appeal, we may provide the trial court and the parties with guidance with regard to the meaning and application of § 12-161a. These considerations, however, cannot be reviewed at this time as a result of our lack of subject matter jurisdiction over this appeal.

[9] Our holding is limited to the circumstances of the present action before us. We do not address the appealability of this matter should an appeal be filed following a decision of the trial court determining the amount of the federal action attorney's fees.